IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CAMEKIAH MOORE | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Civil Action No: 2-07-cv-700-WKW |
| | ) |
| PORTRAIT CORPORATION OF | ) (JURY DEMAND) |
| AMERICA, INC. and | ) |
| BARBARA LANGHAM | ) |
| | ) |
| Defendants | ) |

RECEIVED 2007 AUG -2 P 1:56 DEBRA P. HACKETT, CLK U.S. DISTRICT COURT MIDDLE DISTRICT ALA

## COMPLAINT

### Preliminary Statement

This action arises from on-the-job discrimination against the Plaintiff due to her race, African American, in violation of the Civil Rights Act of 1866 and the Civil Rights Act of 1964 and 1991, as amended.

### Jurisdiction and Venue

1) This court has jurisdiction over this action pursuant to pursuant to 42 U.S.C. § 1981, *et seq.*; 42 U.S.C. § 2000, *et seq.*; 28 U.S.C. §§ 1331, 1337, and 1343. This action properly lies in the United States District Court, Middle District of Alabama.

### Parties

2) Defendant Portrait Corporation of America, Inc. is, or was, an entity doing business in Greenville, Alabama, as well as in other Wal Mart store locations in Alabama and elsewhere.

3) Defendant Barbara Langham is of more than nineteen years of age; a resident of Dothan, Alabama; and, at all times relevant to this action, was the district manager of the Portrait Corporation of America, Inc. store located in Greenville,

1

Alabama.

4) Plaintiff Camekiah Moore is an African-American female, of more than nineteen years of age, and was employed by Portrait Corporation of America, Inc. in Greenville, Alabama at all times relevant to this action.

## Facts

5) Plaintiff was employed by the Defendant Corporation as a sales person in its Greenville, Alabama location in or about the month of August 2005. Plaintiff successfully performed her duties as a sales representative and was promoted to the position of manager in early 2006.

6) Defendant Langham was assigned as district manager over the Corporation's Greenville location around the middle of 2006. After assuming this position, she began a pattern and practice of decreasing the number of hours assigned to be worked by the Plaintiff and assigning additional hours to be worked to white employees.

7) In December of 2006, the Plaintiff was informed that her position was "part-time", and subsequently was informed that a white employee she had supervised was now the manager of the Defendant's store in Greenville, Alabama.

8) The Plaintiff complained to the Defendant Corporation about these acts and was told that she would get more hours because a white employee had quit. Instead, Plaintiff's hours continued to be decreased until she was forced to seek other employment.

9) The Plaintiff informed the Defendant's Regional Manager that she was being discriminated against by Defendant Langham due to her race and color. She was

informed by the Regional Manager that he didn't believe it and that she should find another job if she felt that way.

10) Defendants' discriminatory treatment of the Plaintiff was contrary to the requirements of the Civil Rights Act of 1866 and the Civil Rights Act of 1991, as amended. Defendants' actions, including the termination, were taken due to the Plaintiff's race, African American.

## Count One
### (Section 1981)

Plaintiff hereby realleges and incorporates by reference as if fully set forth herein, the allegations of paragraphs 1 through 10 above and further states:

11) At all times herein mentioned, Plaintiff was an employee within the meaning of Civil Rights Act of 1866 (42 U.S.C. § 1981), protected against discrimination in employment on the basis of race, in that Plaintiff was a member of a protected and recognized minority group or category (Black/African American). Plaintiff brings this Count against Defendant Portrait Corporation of America as well as against Defendant Langham.

12) At all times material hereto, Defendants were an employer within the meaning of the Civil Rights Act of 1866 (42 U.S.C. § 1981), and as such were prohibited from discriminating in employment decisions on the basis of race.

13) Plaintiff has been discriminated against on the basis of race in violation of the Civil Rights Act of 1866 (42 U.S.C. § 1981), by these Defendants, their agents and/or employees, engaging in a course of conduct which included subjecting Plaintiff to disparate treatment, a hostile work environment, termination, and retaliation because of Plaintiff's race.

14) As a proximate result of Defendants' racial discrimination described above, Plaintiff has suffered and continues to suffer substantial losses incurred in loss of past and future earnings and other employment benefits, plus expenses and attorney's fees incurred in attempting to obtain the benefits due Plaintiff under the above-stated employment contract with Defendants, all to Plaintiff's damage in an amount according to proof

15) As a further proximate result of the actions and conduct of Defendants, Plaintiff has suffered and incurred, and is suffering and incurring, serious harm and damage to Plaintiff's personal and professional reputation and credibility by Defendants subjecting Plaintiff to such treatment, with the untrue implication to Plaintiff's peers, co-workers, and others in contact with Plaintiff that Plaintiff was less competent or trustworthy than others in Plaintiff's position.

16) As a further proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer, severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses, all to Plaintiff's damages in an amount according to proof to the jury in this matter.

17) The conduct of Defendants was outrageous, was done in a deliberate, callous, malicious, fraudulent and oppressive manner intended to injure Plaintiff; was with an improper and evil motive amounting to malice and spite caused by personal actions, animosity, bias, and/or hatred; and was done in conscious disregard of Plaintiff's rights. Therefore, Plaintiff is entitled to an award of punitive damages from Defendants in an amount as found just and reasonable by the jury.

**Count Two**
**(Title VII)**

Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 17 as if fully written herein and further states:

18) Defendant Portrait Corporation of America, Inc. and its employees and/or agents, discriminated as set forth above against Plaintiff with regard to the terms and conditions of her employment, including, but not limited to, disparate treatment in the terms and conditions of her work, a hostile work environment, and termination abased upon her race. The Defendant discriminated against Plaintiff by engaging in a course of conduct that included subjecting Plaintiff to disparate treatment and depriving her of rights, specifically in the terms and conditions of employment, on the basis of her race, African American. Said acts of the Defendant business were, and are, contrary to 42 U.S.C. § 2000e, *et. seq.*

19) As a result of Defendant's unlawful actions, Plaintiff suffered compensatory, consequential, and incidental damages for which Defendant is liable.

20) As a result of the Defendant's conduct set forth above, Plaintiff is entitled to compensation for any and all past and future lost wages and benefits, emotional distress endured because of the conduct, damages to her personal and occupational reputation and credibility, and reasonable attorney's fees and costs.

21) Additionally, Plaintiff states that Defendant engaged in the discriminatory practices alleged in this Count with malice or with reckless indifference to Plaintiff's federally protected rights, and Defendant is liable for punitive damages pursuant to 42 U.S.C. § 1981a.

22) Plaintiff has duly complied with the requirements of Title VII, and has filed this action within 90-days of receipt of notice of right to sue from the EEOC, and

has otherwise performed all conditions precedent to the maintenance of this action.

## Count Three
### (Retaliation)

Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 22 as if fully rewritten herein and further states:

23) The Defendants have perpetrated, condoned and permitted adverse actions against the Plaintiff on account of her race and on account of her opposition to their unlawful activities.

24) Plaintiff, by her actions in making charges of discrimination on the basis of race against her and otherwise, opposed these unlawful discriminatory practices by the Defendants. Defendants retaliated against Plaintiff with respect to the terms, conditions and privileges of employment because of her opposition to these unlawful practices in violation of 42 U.S.C. § 1981, and 42 U.S.C. § 2000e *et. seq.* for which Defendants are liable.

25) As a result of the Defendants' conduct set forth above, Plaintiff is entitled to equitable compensatory and declaratory relief, damages for emotional and mental distress, and reasonable attorneys' fees and costs.

26) Additionally, Plaintiff states that Defendants acted intentionally, maliciously, willfully, wantonly and recklessly and in conscious disregard of her rights, in retaliating against her for her opposition to discrimination on the basis of race and color; and for such conduct, Defendants are liable for punitive damages.

27) Plaintiff has duly complied with the requirements of Title VII, and has filed her action within 90-days of receipt of her notice of right to sue from the EEOC, and has otherwise performed all conditions precedent to the maintenance of this action.

## Prayer for Relief

As a result of the discriminatory conduct and other actions of Defendants' herein alleged, Plaintiff has no effective, adequate, or complete remedy at law, because Defendants continue to engage in the wrongful practices alleged herein. Therefore, Plaintiff prays that, upon a trial by jury, she be awarded:

(a) appropriate damages to compensate her for any and all back pay and other benefits with prejudgment interest, including but not limited to reinstatement, promotions, pay increases, and any other appropriate relief that the Plaintiff is due as a result of Defendants' violation of her civil, contractual, and/or personal rights;

(b) appropriate "compensatory damages" within the meaning of 42 U.S.C. § 1981a and/or as otherwise allowed by federal law;

(c) punitive damages in an appropriate amount as determined by the jury;

(d) that the Defendant be permanently enjoined from continuing these unlawful practices;

(e) reasonable costs and attorney's fees;

(f) all compensatory and punitive damages available under federal law which the jury may determine appropriate to compensate her and to deter this Defendant, along with others similarly situated, from such wrongdoing in the future; and,

(g) any and all other relief to which she may be entitled in federal law or in equity.

A TRIAL BY JURY IS HEREBY REQUESTED.

Respectfully submitted,

/s/Jimmy Jacobs
JIMMY JACOBS (JAC051)
Attorney for Plaintiff
4137 Carmichael Road, Suite 100
Montgomery, Alabama 36106
(334) 215-1788